UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF
AMERICA

    v.

AARON DURALL, et al,

    Defendants.

Case No.
3:20-CR-86-TJC-JBT

### DEFENDANT AARON DURALL'S MOTION TO BAR ADMISSION OF THE "CLAIM SPREADSHEETS" THAT ARE INADMISSIBLE HEARSAY AND NOT ADMISSIBLE AS "SUMMARY CHARTS"

Defendant, Aaron Durall, fully adopts the Motion filed by Christian Fletcher which urges the court to conduct a hearing pursuant to FRE 104 on the admissibility of the Claim Spreadsheets that incorrectly identify the "Code-22." This Motion supplements Fletcher's motion and seeks a pretrial hearing pursuant to FRE 104 for two additional reasons: (1) the Spreadsheets are not admissible as summary exhibits (FRE 1006), because the underlying data that was supposedly used to prepare the spreadsheets has not been made available to the defense; (2) the spreadsheets are not admissible, because they are hearsay, are not admissible under any exceptions to the hearsay rule, contain admittedly inaccurate information (and thus are unreliable and inadmissible pursuant to FRE 403) and would violate the Confrontation Clause,

because they were apparently prepared in anticipation of this trial and thus is "testimonial."

### A. The Exhibits are not Admissible Pursuant to FRE 1006.

The prerequisite for the admission of a summary exhibit is the proponent's obligation to provide the underlying data that is being summarized. The proponent may satisfy its obligation by introducing the underlying data and then offering the summary, or by making the data available to the opposing party in advance of trial so that the opposing party can determine whether the summary is accurate. FRE 1006; *United States v. Melgen*, 967 F.3d 1250 (11th Cir. 2020).

As explained in Fletcher's contemporaneously filed motion, the underlying data (the 837i transmissions of the hospital's claims) flowed through at least three, and sometimes four, intermediaries, before it was received by the Private Insurers. This underlying data apparently forms the basis of the summary spreadsheets. While the government has produced some of the underlying data from the hospitals and these intermediaries, the government has not provided all of the underlying data, because in some case it is apparently no longer available or retrievable, and in others, because the intermediaries have not produced it. Because the government has not produced all of the underlying data, however, the defense is

not able to determine whether the summary spreadsheets are accurate.[1] Therefore, the summary spreadsheets are not admissible pursuant to FRE 1006.

### B. The Spreadsheets are Hearsay

Because the spreadsheets are apparently going to be offered for the truth of the matter asserted and, of course, there is no declarant who will testify about the veracity of the data. (The actual circumstances of the formulation of the spreadsheets is not clear to the defense, but will be an important aspect of the FRE 104 hearing). Because the spreadsheets are hearsay and not admissible under any exceptions to the hearsay rule and are unreliable based on the known inaccuracies contained in the spreadsheets, they are inadmissible pursuant to FRE 802, as well as FRE 403.

### C. The Confrontation Clause Bars Admission of the Spreadsheets

The defense understands that the spreadsheets were prepared by the private insurers in anticipation of litigation and were provided to the government to assist in the government's case. The spreadsheets, therefore, qualify as testimonial statements under the *Crawford v. Washington* test and are inadmissible. 541 U.S.

---

[1] Moreover, as explained in Fletcher's contemporaneously filed motion, the spreadsheets are unquestionably *inaccurate*, because they purport to document the inclusion of the 22-code in the hospitals' claims, when, in fact, the hospitals never included the 22-code in their claims. At a hearing on this motion, the defense will be prepared to show other inaccuracies or "additions" to the summary spreadsheets. But the unavailability of the underlying data renders the spreadsheets inadmissible in any event. This is a threshold requirement for admissibility and not simply an issue that goes to the weight of the evidence.

36 (2004). *See also Melendez-Diaz v. Massachusetts*, 129 S.Ct. 2527 (2009); *United States v. Ignasiak*, 667 F.3d 1217 (11th Cir. 2012).

## CONCLUSION

For the foregoing reasons, the defense urges the court to set this matter down for an evidentiary hearing pursuant to FRE 104.

Respectfully submitted this 1st day of December, 2021.

/s/ Brian Rafferty
BRIAN RAFFERTY
BRIAN MCEVOY
GRACE ZOLLER
POLSINELLI, P.C.
1201 West Peachtree St., N.W.
Suite 1100 Atlanta, GA 30309
Telephone: (404) 253-6000
Facsimile: (404) 253-6060
Email: bmcevoy@polsinelli.com
Email: brafferty@polsinelli.com
Email: gzoller@polsinelli.com

*Admitted Pro Hac Vice*

/s/ Donald F. Samuel
DONALD F. SAMUEL
Georgia Bar No. 624475
GARLAND, SAMUEL & LOEB. P.C.
3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Telephone: (404) 262-2225
Email: dfs@gsllaw.com

*Admitted Pro Hac Vice*

                                                BRENDAN HERBERT
                                                Florida Bar No. 0076925
                                                POLSINELLI, P.C.
                                                1111 Brickell Avenue, Suite 2800
                                                Miami, FL 33131
                                                Telephone: (305) 921-1820
                                                Email: bherbert@polsinelli.com

                                                *Counsel for Aaron Durall*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 3:20-cr-86-TJC-JBT |
| AARON DURALL, et al. | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the within and foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

This the 1st day of December, 2021.

/s/ Brian Rafferty
BRIAN RAFFERTY

*Admitted Pro Hac Vice*